IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARK SALUS, et al.,

  Plaintiffs,

    v.

ONE WORLD ADOPTION
SERVICES, INC., a nonprofit Georgia
Corporation and SUSAN SECOR
MANNING, a Georgia resident,

  Defendants.

CIVIL ACTION FILE
NO. 1:12-CV-894-TWT

ORDER

This is a breach of contract action. It is before the Court on the Defendants' Motion to Dismiss [Doc. 8]. For the reasons set forth below, the Court GRANTS the Defendants' motion.

I. Background

On May 21, 2010, the Plaintiffs, Mark and Allison Salus entered into an adoption services agreement (the "Agreement") with One World Adoption Services, Inc. ("One World"). Susan Manning is the Executive Director of One World. Subsequently, One World referred two Congolese girls, D.S. and J.S., to the Saluses for adoption. The Saluses claim that One World failed to obtain and complete the

appropriate documents to finalize the adoption. Further, the Plaintiffs claim that One World sent false documents to various agencies, including the United States Citizenship and Immigration Service. Finally, the Plaintiffs allege that One World failed to release D.S. and J.S. into the custody of the Saluses' investigator and interfered with the adoption process in the Democratic Republic of the Congo. Eventually, however, the Saluses successfully adopted D.S. and J.S.

On March 15, 2012, the Saluses filed this lawsuit against One World and Susan Manning [Doc. 1]. On May 31, 2012, the Plaintiffs amended their Complaint [Doc. 10]. The Amended Complaint includes claims for fraud, promissory estoppel, breach of contract, breach of fiduciary duty, intentional infliction of emotional distress, failure to train and supervise employees, negligence, violation of 42 U.S.C. § 14901, *et seq.* (the "Intercountry Adoption Act"),[1] and punitive damages [id.]. Specifically, the Plaintiffs claim that as a result of the Defendants' conduct, they lost $26,000 in tax refunds, lost $15,000 in earnings, and spent $26,500 on attorneys' fees. (See Am. Compl. ¶¶ 86, 87, & 88.) The Plaintiffs also seek damages for "travel expenses . . . childcare expenses; investigator fees and expenses; telephone bills; expenses

---

[1] In their Response to the Defendants' Motion to Dismiss, the Plaintiffs state that they are not bringing a claim directly under the Intercountry Adoption Act, but merely cited sections from the act as "examples of what was expected of an accredited adoption agency and how they breached their duties." (Pls.' Br. in Opp'n to Defs.' Mot. to Dismiss, at 16.)

necessary to lift the travel ban on the children; and additional visa processing fees." (id. ¶ 108.)

On May 17, 2012, the Defendants filed this Motion to Dismiss [Doc. 8]. The Defendants argue that this Court does not have subject matter jurisdiction because there is less than $75,000 in controversy. See FED. R. CIV. P. 12(b)(1); 28 U.S.C. § 1332. The Defendants also argue that the Amended Complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## II. Motion to Dismiss Standards

### A. Subject Matter Jurisdiction Standard

A complaint should be dismissed under Rule 12(b)(1) only where the court lacks jurisdiction over the subject matter of the dispute. FED. R. CIV. P. 12(b)(1). Attacks on subject matter jurisdiction come in two forms: "facial attacks" and "factual attacks." Garcia v. Copenhaver, Bell & Assocs., M.D.'s, 104 F.3d 1256, 1261 (11th Cir. 1997); Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). Facial attacks "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Lawrence, 919 F.2d at 1529 (quoting Menchaca v. Chrysler Credit, 613 F.2d 507, 511 (5th Cir. 1980)). On a facial attack,

therefore, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion. Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981).

"'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" Lawrence, 919 F.2d at 1529 (quoting Menchaca, 613 F.2d at 511). The presumption of truthfulness does not attach to the plaintiff's allegations. Id. Further, "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Scarfo v. Ginsberg, 175 F.3d 957, 960-61 (11th Cir. 1999).

B. Failure to State a Claim Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citations and quotations omitted). In ruling on a motion to dismiss, the court must accept factual allegations as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American

Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

### III. Discussion

The Defendants claim that the Court does not have subject matter jurisdiction of this case because there is less than $75,000 in controversy. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "Generally, '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)). "However, where jurisdiction is based on a claim for indeterminate damages, the . . . 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum."

Id.; see also St. Paul Reinsurance Co., v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998) (where complaint "does not allege a specific amount of damages," claim is indeterminate). "A conclusory allegation . . . that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the [plaintiff's] burden." Bradley v. Kelly Servs., Inc., 224 Fed. App'x 893, 895 (11th Cir. 2007) (quoting Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002)).

In Bradley, the plaintiff sued a staffing service for breach of contract, fraud, and negligent supervision of employees. The complaint sought damages for "embarrassment, humiliation, loss of professional stature, loss of credit worthiness and interference with her banking relationship." Id. at 894. The defendant, however, argued that the amount in controversy requirement had not been met. The court held that the plaintiff had not shown that there was $75,000 in controversy, noting that "[the plaintiff did] not present[ ] any calculations as to the amount of loss resulting from [the defendant's] alleged misconduct." Id. at 895. The court reasoned that "[w]hile [the plaintiff] made general allegations that she suffered damages, [the plaintiff] never quantified these losses with any specific dollar figures." Id.

Here, as in Bradley, the Plaintiffs have not presented specific calculations showing that the jurisdictional amount is met. See id. The Plaintiffs allege that as a

result of the Defendants' misconduct, they lost $26,000 in tax refunds (id. ¶ 87), $15,000 in potential income (id. ¶ 88), and spent $26,500 on attorney fees (Am. Compl. ¶ 86). Those enumerated expenses total $67,500. The Plaintiffs, however, do not allege any other specific losses resulting from the Defendants' conduct. Although the Complaint also seeks damages for "travel expenses . . . childcare expenses; investigator fees and expenses; telephone bills; expenses necessary to lift the travel ban on the children; and additional visa processing fees," (id. ¶ 108), the Plaintiffs "never quantif[y] these losses with any specific dollar figures." Bradley, 224 Fed. App'x at 895. Further, although the Plaintiffs repeatedly allege that they "incurred numerous damages in excess of $75,001" (see Am. Compl. ¶¶ 94, 108, 115, 121, 129, 134, 138, & 143), such "conclusory allegation[s] . . . that the jurisdictional amount is satisfied . . . [are] insufficient to meet the [Plaintiffs'] burden." Bradley, 224 Fed. App'x at 895 (quoting Leonard, 279 F.3d at 972). "Accordingly, [the Plaintiffs], at best, [are] speculating that [their] damages would exceed $75,000 and, thus, [they have] not met [their] burden." Id. For this reason, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1332.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS the Defendants' Motion to Dismiss [Doc. 8].

SO ORDERED, this 27 day of August, 2012.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge